## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01571-MSK-BNB

ESTATE OF EMILY RICE, By SUSAN GARBER and ROY RICE as Co-Personal
Representatives,
SUSAN GARBER, as parent and Co-Personal Representative of the Estate of Emily Rice,
ROY RICE, as parent and Co-Personal Representative of the Estate of Emily Rice,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
DENVER DEPARTMENT OF HEALTH AND HOSPITALS, D/B/A "DENVER HEALTH
MEDICAL CENTER" AND "DENVER HEALTH",
JASON HAUKOOS, M.D., in his individual and official capacities,
LISA CHENG, M.D., in her individual and official capacities,
ROBERT KELLY COSTIN, R.N., in his individual and official capacities,
MARIA BOUZIANE, R.N., in her individual and official capacities,
MARY CLEARY, R.N., in her individual and official capacities,
NANCYE ZIMMER, R.N., in her individual and official capacities,
CAPTAIN JACOB KOPYLOV, in his individual and official capacities,
CAPTAIN JOHN RIORDON, in his individual and official capacities,
SERGEANT LOREN COLLIER, in his individual and official capacities,
SERGEANT HANS RASTEDE, in his individual and official capacities,
SERGEANT RICHARD ROBERSON, in his individual and official capacities,
SERGEANT KAROLINA SICH, in her individual and official capacities,
SERGEANT ANTHONY SULLIVAN, in his individual and official capacities,
DEPUTY KERI ADCOCK, in her individual and official capacities,
DEPUTY JULIANA BARRON, in her individual and official capacities,
DEPUTY SARAH BRIGHT, in her individual and official capacities,
DEPUTY LAKISHA MINTER, in her individual and official capacities,
DEPUTY FAUN GOMEZ, in her individual and official capacities,
DEPUTY SHERMAINE GUZMAN, in her individual and official capacities,
DEPUTY AMANDA LINE, in her individual and official capacities,
DEPUTY JULIE KIRKBRIDE, in her individual and official capacities,
DEPUTY MICHELLE SALEMI, in her individual and official capacities,
DEPUTY JESSICA WANROW, in her individual and official capacities, and
JOHN AND JANE DOES 1 THROUGH 20, DENVER CITY AND COUNTY SHERIFF'S
DEPUTIES AND MEDICAL PERSONNEL, in their official and individual capacities,

      Defendants.

## STIPULATION AND PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined) and, as grounds therefore, state as follows:

1.   In this action, at least one of the Parties has sought and/or may seek to discover Confidential Information, including Protected Health Information. "Confidential Information" and "Protected Health Information" are defined in part, in paragraphs 6, 7, and 8, below.

2.   The purpose of this Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective Order.  The Parties also anticipate that some of the Confidential Information may, but not necessarily would, lead to questioning concerning Confidential Information and Protected Health Information in the course of depositions.  The Parties assert the disclosure of Confidential Information and Protected Health Information could result in significant injury to one or more of the Parties' business or privacy interests, the patient(s) identified in the protected health records, and/or without an agreement, a possible violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3.   The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information and Protected Health Information except as set forth herein, and prohibiting the

Parties from using or disclosing the Confidential Information and Protected Health Information for any purpose other than this litigation.

4. The Parties agree that this agreement does not constitute a global waiver by any party as to whether any Confidential or Privileged Information is discoverable, but rather, is a mechanism by which Confidential Information that is disclosed is prevented from being used for any purpose outside this litigation by any Party.

5. This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

6. "Confidential Information," includes, but is not limited to, "Protected Health Information," any documents, records, files or portions of files, materials, electronically stored information, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the Parties in the manner provided in paragraphs 10, 11, and/or 12 below as containing Confidential Information and/or Protected Health Information.

7. "Confidential Information" includes, but is not limited to, information that is confidential and implicates common law and statutory privacy interests of the Plaintiffs and the Defendants in this matter, including current and former employees of Denver Health and the City and County of Denver. *See, e.g.*; Colo. Rev. Stat. § 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.,* 109 P.3d 127

(Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel / employment file records); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980); COLO. REV. STAT. §§ 12-36.5-101 *et seq.;* §§ 25-3-109 *et seq.* (Peer Review and Quality assurance rules).  "Confidential Information" may include, but is not limited to:

    a.  Medical records and/or "Protected Health Information";

    b.  the Parties and/or their representatives' personnel files;

    c.  peer review and quality assurance documents;

    d.  internal affairs investigation files;

    e.  ~~witness statements~~; and

    f.  other documents related to Plaintiffs' claims or the Parties' investigations in this action.

    g.  Personal financial, and tax information and/or identification materials of the parties; and

    h.  Educational and training files of the parties

9.  "Protected Health Information" includes, but is not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and finger prints, photographs, and any other unique identifying number, characteristic or code.

10. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

11. Documents containing "Confidential Information," including "Protected Health Information," are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL**."**  Designation or identification, or assertion of a document as Confidential or Privileged Information does not necessarily indicate that it is or is not discoverable.

12. Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

13. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  Admissibility of the designated Confidential Information will be reserved for and addressed at trial.

14. Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order including, but not limited to, the Parties to this action and their undersigned counsel, shall hold CONFIDENTIAL Information in confidence and shall not divulge the CONFIDENTIAL Information, either verbally or in writing, to the media or any other person, entity unless authorized to do so by court order.  CONFIDENTIAL Information shall not be

disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except the preparation and trial of this case.  CONFIDENTIAL Information shall not be communicated by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone, except for purposes of this case, and unless such person is directly associated with prosecuting or defending this case or is a witness, deponent, expert or other individual involved in the prosecution or defense of this case who has executed  the Written Acknowledgement depicted in Attachment A.  These restrictions shall be strictly construed.

15. CONFIDENTIAL Information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order, and are not involved with or connected to the media:

    a.    attorneys actively working on this case and their support staff;

    b.    the Parties and designated representatives for the entity Defendants, and their respective employees, agents and representatives;

    c.    expert witnesses, disclosed treating physicians or healthcare providers, and consultants retained, or consultants and their staffs, in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    d.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    e.    deponents; and

    f.    other persons by written agreement of the Parties; and

g.   a witness or consulting witness in this case, provided that each such individual

executes the Written Acknowledgement as depicted in Attachment "A".

The Parties, their attorneys and support staff, and stenographic reporters shall not be required to

complete a Written Acknowledgment as set forth in paragraph 13.

16. The Party's counsel who discloses CONFIDENTIAL Information shall send to the

recipient of the information a copy of the Protective Order and obtain a Written

Acknowledgment from the recipient that he/she has reviewed and will abide by the terms of the

Protective Order.  The subject Party's counsel shall maintain a list of all persons to whom any

CONFIDENTIAL Information is disclosed and retain the Written Acknowledgments.

17. During the pendency of this action, opposing counsel may upon Court order or

agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 15 above

upon showing of substantial need in order to establish the source of an unauthorized disclosure

of CONFIDENTIAL Information and that opposing counsel are unable to otherwise identify the

source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial

need, then counsel may seek a court order requiring inspection under terms conditions deemed

appropriate by the Court.  To the extent such a challenge arises prior to the Parties' expert

disclosures, the names of the experts to whom the documents were sent will not need to be

disclosed, unless the Court Orders such disclosure, and then, the name will be disclosed to the

Court only, *in camera*.

18. No copies of CONFIDENTIAL Information shall be made except by or on behalf of

counsel in this litigation for work product purposes, including, but not limited to, for review by

experts in this case.  Any such copies shall be made and used solely for purposes of this litigation.

19. A Party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

20. In the event it is necessary for the Parties to file CONFIDENTIAL Information with the Court in connection with any proceeding or motion, the CONFIDENTIAL Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R **7.2.**

21. Defendants who are licensed healthcare professionals may be required by law to make filings with appropriate licensure Boards or regulatory agencies.  The Parties anticipate that if CONFIDENTIAL Information is filed with any licensure Board or regulatory agency, a copy of the Protective Order will be filed with such CONFIDENTIAL Information to the extent permitted by law.

22. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order and the terms and requirements of this Protective Order shall survive the termination of this action.

23. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

24.  Upon the termination of this litigation, counsel shall be responsible for retrieving any and all copies which they have caused to be made of Confidential Records and either destroying such copies or returning such copies to the providing party. Counsel may retain a single set of Confidential Records for a period of no more than three years from the conclusion of the litigation at which time the Confidential Records shall either be returned or destroyed.

25. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL Information shall be treated at trial.

26.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated November 9, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

s/_____
Darold W. Killmer, Esq.
Mari Newman, Esq.
Sara J. Rich, Esq.
KILLMER, LANE & NEWMAN, L.L.P.
1543 Champa Street, Suite 400
Denver, Colorado 80202
Telephone:  (303) 571-1000
FAX:  (303) 571-1001
E-mail:  dkillmer@killmerlane.com
*Counsel for Plaintiffs*

s/_____
Luis A. Corchado, Esq.
Christian M. Lind, Esq.
DENVER CITY ATTORNEY'S OFFICE
Litigation Section
201 West Colfax Avenue, Dept. 1108
Denver, Colorado 80202
Telephone:  (720) 913-3314
FAX:  (720) 913-3190
Email:  luis.corchado@ci.denver.co.us
*Counsel for Defendants Denver, Kopylov, Riordon,*
*Collier, Rastede, Roberson, Sich, and Sullivan*

s/_____
Linda L. Siderius, Esq.
Cecelia A. Fleischner, Esq.
Laura L. Revercomb, Esq.
MCCONNELL, SIDERIUS, FLEISCHNER, HOUGHTALING & CRAIGMILE, L.L.C.
4700 South Syracuse Street, Suite 200
Denver, Colorado 80237
Telephone:  (303) 480-0400
FAX:  (303) 458-9520
Email:   lsiderius@msfhc.com
*Counsel for Defendant Denver Health*

s/
_____
Scott S. Nixon, Esq.
Felice S. Haas, Esq.
PRYOR JOHNSON CARNEY KARR & NIXON, P.C.
5619 DTC Parkway, Suite 1200
Greenwood Village, Colorado 80111
Telephone:  (303) 773-3500
FAX:  (303) 779-0740
Email:  snixon@pjckn.com
*Counsel for Defendant Haukoos*


s/
_____
John O. Martin, Esq.
Kathleen M. Shea, Esq.
MARTIN CONKLIN, P.C.
90 Madison Street, Suite 601
Denver, CO  80206
Telephone:  (303) 321-1980
FAX:  (303) 321-8828
Email:  kshea@martinconklin.com
*Counsel for Defendant Cheng*


s/
_____
Stephen J. Hensen, Esq.
C. Todd Drake, Esq.
MONTGOMERY LITTLE SORAN & MURRAY, P.C.
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111-3053
Telephone:  (303) 773-8100
FAX:  (303) 220-0412
Email:  tdrake@montgomerylittle.com
*Counsel for Defendant Costin*

s/
_____
Paul A. Faraci, Esq.
Wendy J. Lewis, Esq.
COOPER & CLOUGH, P.C.
1512 Larimer Street, Suite 600
Denver, Colorado 80202
Telephone:  (303) 607-0077
FAX:  (303) 607-0472
Email:  pfaraci@cooper-clough.com
*Counsel for Defendant Bouziane*


s/
_____
Thomas J. Kresl, Esq.
Bradley G. Robinson, Esq.
JOHNSON MCCONATY & SARGENT, P.C.
400 South Colorado Boulevard, Suite 900
Glendale, Colorado 80246
Telephone:  (303) 388-7711
FAX:  (303) 388-1749
Email:  tjk@jmspc.com
*Counsel for Defendant Cleary*


s/
_____
Catherine O'Brien Crum, Esq.
Terry Cipoletti, Esq.
Matthew M. Linton, Esq.
KENNEDY CHILDS & FOGG, P.C.
Independence Plaza
1050 17th Street, Suite 2500
Denver, Colorado 80265
Telephone:  (303) 825-2700
FAX:  (303) 824-0434
Email:  cobrien@kcfpc.com
*Counsel for Defendant Zimmer*

s/ _____
Thomas S. Rice, Esq.
Gillian M. Fahlsing, Esq.
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, Colorado 80290
Telephone:  (303) 320-0509
FAX:  (303) 320-0210
Email:  gfahlsing@sgrllc.com
*Counsel for Defendants Adcock, Barron, Minter,*
*Gomez, Guzman, Line, Salemi, and Wanrow*

s/ _____
Cathy Havener Greer, Esq.
William T. O'Connell, III, Esq.
WELLS ANDERSON & RACE, L.L.C.
1700 Broadway, Suite 1020
Denver, Colorado 80290
Telephone:  (303) 830-1212
FAX:  (303) 830-0898
Email:  cgreer@warllc.com
*Counsel for Defendant Kirkbride*

s/ _____
Marc F. Colin, Esq.
Sarah E. McCutcheon, Esq.
BRUNO COLIN JEWELL & LOWE, P.C.
1560 Broadway, Suite 1099
Denver, Colorado 80202-5143
Telephone:  (303) 831-1099
FAX:  (303) 831-1088
Email:  mcolin@bcjlpc.com
*Co-Counsel for Defendants Collier,*
*Riordon, Roberson, Adcock, and Gomez*

s/
_____
Robert E. Goodwin, Esq.
ROBERT E. GOODWIN & ASSOCIATES
1343 Delaware Street
Denver, Colorado 80204
Telephone:  (303) 893-8933
FAX:  (303) 893-3847
Email:  chelslerlawfirm@yahoo.com
*Co-Counsel for Defendant Kirkbride*

# Attachment A

## WRITTEN ACKNOWLEDGMENT

Dear Counsel:

1.      I have read the Stipulation and Protective Order in *Estate of Emily Rice, et al. v. City and County of Denver, Colorado, et al.,* Civil Action No. 07-cv-01571-MSK-BNB, .

2.      I have been informed by _____, Esq., counsel for _____, that the materials you sent me are CONFIDENTIAL Information as defined in the Stipulation and Protective Order.

3.      I have not and will not divulge, or undertake to divulge to any person or recording device, any CONFIDENTIAL Information shown or told to me except as authorized in the Stipulation and Protective Order.  I will not use the CONFIDENTIAL Information for any purpose other than this litigation.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

_____
Telephone   No.:   ( _ _ _ _ _ )
_____

_____
(Date)