IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01571-MSK-BNB

ESTATE OF EMILY RICE, by SUSAN GARBER and ROY RICE as co-personal representatives,
SUSAN GARBER, as parent and co-personal representative of the Estate of Emily Rice, and
ROY RICE, as parent and co-personal representative of the Estate of Emily Rice,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
CAPTAIN JACOB KOPYLOV, in his individual and official capacities,
CAPTAIN JOHN RIORDON, in his individual and official capacities,
SERGEANT LOREN COLLIER, in his individual and official capacities,
SERGEANT HANS RASTEDE, in his individual and official capacities,
SERGEANT RICHARD ROBERSON, in his individual and official capacities,
SERGEANT KAROLINA SICH, in her individual and official capacities,
SERGEANT ANTHONY SULLIVAN, in his individual and official capacities,
DEPUTY KERI ADCOCK, in her individual and official capacities,
DEPUTY JULIANA BARRON, in her individual and official capacities,
DEPUTY SARAH BRIGHT, in her individual and official capacities,
DEPUTY LAKISHA MINTER, in her individual and official capacities,
DEPUTY FAUN GOMEZ, in her individual and official capacities,
DEPUTY SHERMAINE GUZMAN, in her individual and official capacities,
DEPUTY AMANDA LINE, in her individual and official capacities,
DEPUTY JULIE KIRKBRIDE, in her individual and official capacities,
DEPUTY MICHELLE SALEMI, in her individual and official capacities,
DEPUTY JESSICA WANROW, in her individual and official capacities,
JOHN AND JANE DOES 1 THROUGH 20, DENVER CITY AND COUNTY SHERIFFS
DEPUTIES AND MEDICAL PERSONNEL, in their official and individual capacities,

Defendants.

## ORDER

This matter is before me on **Law Enforcement Defendants' Joint Motion for Order to Stay Effect of Order [etc.]** [Doc. # 330, filed 5/28/2008] (the "Motion to Stay"). The Motion to

Stay is DENIED.

By an order [Doc. # 329] dated May 27, 2008, I denied the Law Enforcement Defendants' Motion for Protective Order. The Motion for Protective Order sought to protect from discovery the following materials:

(1) Personal identifying information including: (a) Social Security numbers; (b) dates of birth; (c) home addresses; (d) home telephone numbers; (e) personal e-mail addresses; (f) drivers' license numbers; and (g) personal insurance information which may provide coverage for the claims asserted here;

(2) Personal and background investigations conducted as part of the screening and hiring process including: (a) National Crime Information Center and Colorado Bureau of Investigation records; (b) personal history statements; and (c) interviewer notes; and

(3) Internal affairs records and disciplinary records including: (a) records concerning investigations or discipline occurring after the death of Ms. Rice and not relating to her; and (b) records concerning investigations or discipline occurring before the death of Ms. Rice other than those relating to "housing and care of inmates."

The Law Enforcement Defendants make an impassioned plea in their Objection [Doc. # 343, filed 6/10/2008] (the "Objection"), as follows:

> As an initial matter, the Law Enforcement Defendants wish to emphasize to the Court that this discovery dispute is not a trivial matter, but rather, has a very significant bearing upon the legitimate privacy interests of the parties. An adverse ruling has the effect of compromising these interests to the detriment of the Law Enforcement Defendants, and causing them to suffer extreme prejudice.

Objection at ¶1. The plea is grounded on a false premise. I do not agree that an adverse ruling

will compromise any important interests of the Law Enforcement Defendants or cause them any prejudice. Any confidential information disclosed by the Law Enforcement Defendants may be made subject to the Stipulated Protective Order [Doc. # 108, filed 11/9/200] previously entered. The Stipulated Protective Order limits the disclosure of confidential information to the attorneys actively working on the case, the parties, expert witnesses, court reporters, and deponents, id. at ¶15, and then only for use in the preparation of this case. Id. at ¶14. To the extent that the Law Enforcement Defendants suggest that confidential information will be disclosed to jail inmates, putting the safety of the defendants in jeopardy,[1] their argument is unfounded.

### 1. Personal Identifying Information

I denied the Motion for Protective Order insofar as it was directed to personal identifying information, applying the balancing test articulated in Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432 (10th Cir. 1981), and finding:

---

[1]For example, the Law Enforcement Defendants state that "[t]he Order completely fails to address the fact that the deputies work in a secured facility around very dangerous people. . . ." Objection at ¶22. To the contrary, I did address this issue, see Order [Doc. #329] at p.8, but found it unpersuasive for the following reasons:

> Here, the defendants are county jail guards, and there is no evidence that their identities are not readily known to the inmates. There is nothing "undercover" about their work. The information here would be disclosed to lawyers who are members of the bar of this court, expert witnesses, and other limited persons specified in an existing blanket protective order. The information would not be publicly available. Nor is there any evidence or suggestion that the plaintiffs in this case are violent gang members or that the disclosure of the officers' personal information to the limited categories of people permitted under the protective order would place the officers "at a substantial risk of bodily harm, possibly even death."

Id.

> As to most of the personal identifying information, the Law Enforcement Defendants have made no showing that it is maintained as private. For example, common experience is that most people do not adequately protect from disclosure their birth dates, home addresses or telephone numbers, e-mail addresses, or drivers' license numbers so as to reasonably call them private or confidential. Instead, that information is regularly disclosed to friends, relatives, vendors, credit card companies, schools, childrens' sports teams, on hotel registers, and the like. There is no evidence here that the Law Enforcement Defendants have maintained this information as private or confidential.

Order [Doc. # 329] at p.9.

The Law Enforcement Defendants have filed an Objection to my order denying the Motion for Protective Order. In the Objection, the Law Enforcement Defendants take issue with my finding that they have not established that they maintain the personal identifying information confidentially, arguing:

> In the Order, the suggestion is also made that in the Court's "common experience", [sic] people do not adequately protect their personal information. Setting aside the fact that there is no record that any of the Defendants seeking protection have been less than vigilant in this regard, the focus in the Magistrate Judge's reference to "common experience" should be on the fact that in those settings (*e.g.*, schools, children's sports teams, hotel registers), the person is making his or her own choice to be lax. Here, in dealing with having this private and personal information compelled by an adverse party in litigation, a completely different matter.

Objection at ¶25.

That is precisely the point--even in the face of my order, the Law Enforcement Defendants have provided **no evidence**, either in their initial Motion for Protective Order or in their Objection, that they have done anything to maintain the personal identifying information as private. The information either is private or it is not. It is no answer that the Law Enforcement

4

Defendants want to keep the personal identifying information private from the truth finding function of a judicial proceeding[2] but remain free to disclose it at will in their private lives. Simply put, the Law Enforcement Defendants have failed to meet their burden to show that the personal identifying information has been maintained confidentially and that, therefore, good cause exists for the imposition of a protective order in this case. See Gillard v. Boulder Valley School Dist. RE-2, 196 F.R.D. 382, 385 (D. Colo. 2000).

The Law Enforcement Defendants also argue that the personal identifying information is irrelevant. I do not agree, and I made a specific finding that the information sought is relevant. Order at p.10. Even if I am wrong in this regard, the mere fact that discovery may lead to the disclosure of some irrelevant information, alone, does not constitute good cause sufficient to justify staying my order. For example, local rule of practice 30.3, D.C.COLO.LCivR, provides that it is abusive deposition conduct for a lawyer to instruct a witness not to answer a question during a deposition based solely on a claim of irrelevancy, and requires instead that such an

---

[2]Although the Law Enforcement Defendants belittle it, Objection at ¶23, the Tenth Circuit Court of Appeals found in Lichtenstein that this judicial truth finding function constitutes a compelling state interest, ruling:

> Assuming that the police officers have a legitimate expectation of privacy, the right may be overridden by a compelling state interest. The compelling state interest involved here is ascertainment of the truth.
>
> We have elected to employ an adversary system of . . . justice in which the parties contest all issues before a court of law. The need to develop all relevant facts in the adversary system is both fundamental and comprehensive. The ends of justice would be defeated if judgments were to be founded on a partial or speculative presentation of the facts.

Lichtenstein 660 F.2d at 436.

instruction is proper only "when necessary to preserve a privilege, to enforce a limitation on evidence directed by a judicial officer, or to present a motion under Fed. R. Civ. P. 30(d)(4)."

The Law Enforcement Defendants misstate the scope of my order when they suggest that it addresses the discoverability of such issues as "whether or not deputies have ever had their driver's privileges suspended" or "whether or not they have ever declared personal bankruptcy." Objection at ¶15. The order is carefully limited to deny protection only concerning discovery of (a) Social Security numbers; (b) dates of birth; (c) home addresses; (d) home telephone numbers; (e) personal e-mail addresses; (f) drivers' license numbers; and (g) personal insurance information which may provide coverage for the claims asserted here. I made no ruling concerning discovery of (1) identifying and contact information of the defendants' family members; (2) personal life, medical, and disability insurance information including the identification of beneficiaries, except any insurance which may provide coverage for the events at issue here; (3) psychological examinations; (4) medical examinations; (5) polygraph examinations; (6) fingerprint information; and (7) personal references. Order at p.6 and n.1. The Motion for Protective Order did not request protection concerning, and I made no ruling about, the discovery of drivers' privileges or personal bankruptcies.

### 2. Personal and Background Investigations

The Law Enforcement Defendants sought a protective order precluding the discovery of personal and background investigations conducted as part of the screening and hiring process. The order addresses only the discoverability of the National Crime Information Center records, Colorado Bureau of Investigation records, personal history statements, and interview notes. The plaintiffs stipulated that they would not seek to discover psychological examinations, medical

examinations, or polygraph tests. Order at p.11. The Law Enforcement Defendants' argument against the discovery of personal and background investigations principally was that the information is not relevant.[3]

Here, as in the case of the personal identifying information, I made a specific finding that the information sought is relevant. Order at p.11. Even if I am wrong, however, and as stated above, good cause sufficient to justify a stay of my discovery order does not exist merely because the discovery may lead to the disclosure of some irrelevant information. See D.C.COLO.LCivR 30.3 (providing that it is abusive deposition conduct for a lawyer to instruct a witness not to answer a question during a deposition based solely on a claim of irrelevancy).

### 3. Internal Affairs Records and Disciplinary Records

Finally, I denied the Motion for Protective Order insofar as it sought to preclude discovery of internal affairs and disciplinary records because this case involves a claim of municipal liability for failure to train and supervise. Municipal liability is controlled by Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978), where the Supreme Court held that a plaintiff must show the existence of an official policy or custom to establish governmental liability. Id. at 694. Under facts similar to those presented here, the court in Everitt v. Brezzel, 750 F. Supp. 1063, 1069 (D. Colo. 1990), applied Monell and held:

> While a single prior violation may not ordinarily amount to a "policy," the municipality may be liable where senior personnel have knowledge of a pattern of constitutionally offensive acts by their subordinates, but fail to take remedial steps.

---

[3]The Law Enforcement Defendants did argue that the personal and background information was "highly private," Motion for Protective Order at ¶¶21-22, but that argument was directed primarily at the discovery of medical, psychological, and polygraph examinations, which the plaintiffs have stipulated that they will not seek to discover.

7

> It is not possible to deal at the discovery stage of the case with many of the questions presented by Monell and its progeny. Suffice it to say that a plaintiff asserting municipal liability under Monell is entitled not only to factual information concerning an officer's alleged past violations, but also to information concerning his superiors' knowledge of those violations and what, if anything, they did about them.

(Internal quotations and citations omitted.)

The Law Enforcement Defendants argue that the disciplinary records are not relevant. The records are relevant, however, as Everitt makes clear.

The Law Enforcement Defendants did not argue privacy interests with respect to the disciplinary records in their Motion for Protective Order, and I did not consider it. Motion for Protective Order at ¶¶23-26. A privacy argument is made for the first time in the Objection, however. Objection at ¶30.

Applying the Lichtenstein balancing test,[4] I find that no protective order is warranted. As noted earlier, confidential disciplinary records may be disclosed subject to the Stipulated Protective Order which severely limits who may receive them and for what purposes they may be used. Even assuming that the Law Enforcement Defendants have a legitimate expectation of

---

[4]The circuit court adopted the following balancing test in Lichtenstein, 660 F.2d at 435:

> In some circumstances [personnel and investigation] files may contain personal data which could give rise to a right to confidentiality. However, the [plaintiff] concedes that a right to confidentiality in the files is not absolute. The [plaintiff] acknowledges the balancing test as set out in Martinelli [v. District Court, 612 P.2d 1083 (Colo. 1980)]. In applying this test the court must consider, (1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner.

privacy in these records, the ascertainment of truth in a judicial proceeding is a compelling state interest sufficient to require the disclosure. Finally, the disclosure of the disciplinary records to limited categories of people for the exclusive purpose of this lawsuit pursuant to the Stipulated Protective Order constitutes the least intrusive manner and meets the requirements of Lichtenstein.

There is **no evidence** to support the Law Enforcement Defendants assertion that the Stipulated Protective Order is inadequate to prevent disclosure of confidential discovery beyond the defined limits.

A stay of a magistrate judge's discovery order should be granted sparingly. Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt. See Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989). As the court noted in National Excess Ins. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D. N.M. 1991):

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes. . . . Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

A stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay. See Adams v. Gateway, Inc., 2004 WL 733990 *2 (D. Utah Jan. 5, 2004)(stating that there is no existing authority concerning the standard for a stay pending resolution of an objection to a magistrate judge's order but adopting a four part test involving "(1) the likelihood of success on appeal; (2) the threat of irreparable

harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest"). Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like. There are no such concerns here. If the Law Enforcement Defendants' Objection ultimately is sustained, the information may be ruled inadmissible. In the meantime, however, the discovery, even if some part of it is private, will be available only to a limited group of people for a limited purpose and without any substantial injury to the Law Enforcement Defendants or anyone else, and discovery can go forward so that this case may be ready for trial within a reasonable time. Nor do I believe that the Law Enforcement Defendants are likely to succeed on their Objection.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated June 13, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge