IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01571-MSK-BNB

ESTATE OF EMILY RICE, by SUSAN GARBER and ROY RICE as co-personal representatives,
SUSAN GARBER, as parent and co-personal representative of the Estate of Emily Rice, and
ROY RICE, as parent and co-personal representative of the Estate of Emily Rice,

Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
CAPTAIN JACOB KOPYLOV, in his individual and official capacities,
CAPTAIN JOHN RIORDON, in his individual and official capacities,
SERGEANT LOREN COLLIER, in his individual and official capacities,
SERGEANT HANS RASTEDE, in his individual and official capacities,
SERGEANT RICHARD ROBERSON, in his individual and official capacities,
SERGEANT KAROLINA SICH, in her individual and official capacities,
SERGEANT ANTHONY SULLIVAN, in his individual and official capacities,
DEPUTY KERI ADCOCK, in her individual and official capacities,
DEPUTY JULIANA BARRON, in her individual and official capacities,
DEPUTY SARAH BRIGHT, in her individual and official capacities,
DEPUTY LAKISHA MINTER, in her individual and official capacities,
DEPUTY FAUN GOMEZ, in her individual and official capacities,
DEPUTY SHERMAINE GUZMAN, in her individual and official capacities,
DEPUTY AMANDA LINE, in her individual and official capacities,
DEPUTY JULIE KIRKBRIDE, in her individual and official capacities,
DEPUTY MICHELLE SALEMI, in her individual and official capacities,
DEPUTY JESSICA WANROW, in her individual and official capacities,
JOHN AND JANE DOES 1 THROUGH 20, DENVER CITY AND COUNTY SHERIFFS
DEPUTIES AND MEDICAL PERSONNEL, in their official and individual capacities,

Defendants.

---

**ORDER**

---

This matter is before me on the **Joint Motion to Modify Scheduling Order** [Doc. # 361, filed 7/14/2008] (the "Motion for Extension"), which is DENIED.

The parties request a 90 day extension of virtually every pretrial deadline. Among other things, the parties request that the discovery cut-off be extended to February 2, 2009; the deadline for filing Rule 702 motions concerning expert witnesses be extended to March 16, 2009; and the dispositive motion deadline also be extended to March 16, 2009. The district judge has set a final pretrial conference for April 8, 2009. As a general rule, I am instructed by the district judge that Rule 702 motions and dispositive motions should be filed approximately 120 days prior to the final pretrial conference. Under the parties' proposal, these motions would not even be fully briefed by the final pretrial conference, leaving the district judge inadequate time to rule.

In addition, the sole basis for the requested extension is that the parties "are presently engaged in exploring the possibility of settlement of this matter, and are in the process of scheduling a private mediation to occur as soon as is practicable. Due to the number of counsel in this case and the mediators' schedules, there is some degree of inevitable delay in the scheduling of the mediation." Motion for Extension at ¶2. Trial preparation and settlement discussions are expected to occur simultaneously, however, and I do not delay the preparation of a case for trial merely to allow settlement discussions to occur.

A scheduling order may be amended only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this context, good cause is defined in the Advisory Committee Notes to Rule 16, Fed. R. Civ. P., as follows:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend. In addition, in Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co., 986 F. Supp 959, 980 (D.S.C. 1997), aff'd, 129 F.3d 116 (4th Cir. 1997), the court applied Rule 16(b) and said:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(Internal citations omitted.)

Applying this standard to the facts of this case leads me to conclude that no good cause has been shown in support of the requested extension.

IT IS ORDERED that the Motion for Extension is DENIED.

Dated July 17, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge